**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

NICOLE FETTERMAN,

    Plaintiff,

v.                                                                           Case No. 22-11603

JAMES HILL, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

Plaintiff is a state inmate confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

When filing her complaint, Plaintiff also included an In Forma Pauperis Application ("IFP") requesting that she be allowed to proceed without prepaying the requisite filing fee. (ECF No. 2). Plaintiff, however, failed to provide the Court with a written authorization to withdraw funds from her prison trust fund account. Plaintiff also failed to file a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in her institutional trust fund account for the past six months.

On July 19, 2022, Magistrate Judge David R. Grand signed an order of deficiency. (ECF No. 4). The order required Plaintiff to provide an authorization to withdraw from her trust fund account, a signed certification of her prison trust account

from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the $ 52.00 administrative fee, in full. Plaintiff was given thirty days to comply with the order. To date, Plaintiff has failed to provide the requested documents or otherwise respond to the order.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

When Plaintiff filed her complaint, she became responsible for the filing fee and waived any objection to the withdrawal of funds from her prison trust fund account to

pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605.  Plaintiff's application to proceed without prepayment of fees or costs is deficient; it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x 530, 533 (3rd Cir. 2010). Plaintiff also failed to correct the deficiency order by providing the court with a certified account statement and a copy of her computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

The complaint is dismissed without prejudice for want of prosecution because Plaintiff failed to comply with the deficiency order and did not pay the filing fee. *See, e.g., Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis*  (ECF No. 2) is DENIED.

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

                                                s/Robert H. Cleland                       /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2022, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                          /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\22-10104.WILSON.DenyingIFP.AAB.docx