UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE FETTERMAN,

        Plaintiff,

v.

JAMES HILL et al.,

        Defendants.

Case No. 22-11603
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 21) AND DISMISSING COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE**

## I.    Introduction

Nicole Fetterman, a pro se prisoner under Michigan Department of Corrections' ("MDOC") jurisdiction, filed this civil rights action under 42 U.S.C. § 1983 against defendants James Hill and Chloe Peek. ECF No. 1. Fetterman alleges that another inmate attacked her, and Hill and Peek failed to protect her from further assault in violation of the Eighth Amendment. *Id.* This case was referred to the assigned magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13.[1]

---

[1] This case was reassigned to the undersigned pursuant to E.D. Mich LR 83.11. *See* ECF No. 23.

The magistrate judge issued a Report and Recommendation ("R&R"). ECF No. 21. The R&R recommends sua sponte dismissal without prejudice of Fetterman's complaint for failure to exhaust. *Id.* At the conclusion of the R&R, the magistrate judge notified the parties that they must file an objection to the R&R within fourteen days. *Id.* Fetterman timely filed an objection. ECF No. 22.

## II.     Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

### III. Discussion

Fetterman objects to the magistrate judge's determination that she has not exhausted her claims and contends that the magistrate judge failed "to note the unique circumstances and the MDOC respondent addressing a potentially defaulted grievance." ECF No. 22, PageID.85. She argues that the facts surrounding her attempts to exhaust her administrative remedies by following the grievance procedure demonstrate that the grievance process was unavailable to her. *Id.* at PageID.87.

As Fetterman correctly points out, a grievance procedure will be deemed unavailable, and an inmate excused from her failure to exhaust it, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). Fetterman asserts that prison

administrators ignored her initial grievance, then denied her subsequent grievances as duplicative, to preclude her from pursuing her claims against defendant guards.

As noted in the R&R, Fetterman filed three separate grievances related to defendants' allegedly violative conduct: WHV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-28e ("Grievance 3207"), WHV-18-11-3600-28a ("Grievance 3600"), and WHV-18-08-2555-03b ("Grievance 2555"). In an earlier action by Fetterman against these defendants, this Court ruled that Fetterman failed to advance Grievance 3207 through Step III of the process within the permitted time frame. The Court determined that the grievance administrator properly rejected the untimely attempt to satisfy the grievance procedure and that Fetterman thus failed to exhaust her administrative remedies. ECF No. 21, PageID.81 (citing *Fetterman v. Peek*, No. 20-12020, ECF No. 21, PageID.133-34. ECF No. 22). Because this Court previously found that Fetterman failed to exhaust her administrative remedies as to Grievance 3207, collateral estoppel, or issue preclusion, bars Fetterman from relitigating that issue. *See Stringer v. Lennox*, 2018 WL 5095047, at *4-6 (E.D. Mich. Aug. 27, 2018) (applying doctrine of issue preclusion in the context of prisoner's failure to exhaust administrative remedies).

Fetterman's objection asserts that her appeal of Grievance 3600 through Step III should serve to exhaust all her grievances because Grievance 3600 asserted the same complaints as the other grievances. ECF No. 22, Page ID.88. Fetterman's argument concedes that Grievance 3600 was duplicative of earlier grievances. Duplicative grievances are properly rejected as procedurally defective and cannot support exhaustion. *See McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006)).

Fetterman also argues that the MDOC's determination that Grievance 3600 was duplicative served to effectively waive the procedural defect. ECF No. 22, PageID.88. Fetterman notes that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits," the court will generally do likewise. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). But that principle is not applicable here because the MDOC did not consider Grievance 3600 on its merits but instead adhered to its procedures by rejecting it as duplicative.

Finally, regarding Grievance 2555, Fetterman does not specifically argue that she exhausted her administrative remedies by advancing it

through Step III of the grievance procedure. Fetterman attached to her objection only a Step I form for Grievance 2555. ECF No. 22, PageID.97. That grievance does not show that it was advanced to Step III—it reflects that the MDOC responded to it on September 26, 2018, reviewed it on October 3, 2018, and returned it to Fetterman on October 14, 2018. *Id*. Moreover, Fetterman attaches nothing to refute the MDOC evidence supplied in the earlier action that Grievance 2555 was not advanced to Step III or that it was ever advanced beyond Step I. *See Fetterman*, 20-12020, ECF No. 17-3. Accordingly, like the other grievances, Grievance 2555 cannot serve to exhaust Fetterman's administrative remedies.

In sum, Fetterman's objection is without merit and the R&R's recommended sua sponte dismissal for failure to exhaust administrative remedies is appropriate.[2] For these reasons, the Court **OVERRULES**

---

[2] Although failure to exhaust is an affirmative defense, courts may dismiss claims sua sponte when "the failure to exhaust is evident and the plaintiff first has been given an opportunity to address the issue." *Coleman v. Snyder*, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018). The attachments to Fetterman's objection, along with the exhibits to the summary judgment motion in the earlier case (*Fetterman*, 20-12020, ECF No. 17) make Fetterman's failure to exhaust her administrative remedies evident, and the magistrate judge's order to show cause (ECF No. 19) gave Fetterman an opportunity to address the issue. Moreover, Fetterman does not object to the recommendation for dismissal on the basis that it was made sua sponte.

Fetterman's objection (ECF No. 22), **ADOPTS** the R&R (ECF No. 21), and

**DISMISSES WITHOUT PREJUDICE** the complaint (ECF No. 1).

Dated: December 31, 2024

<u>s/ Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge